UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BROWN, JR., | ) | CASE NO. 1:10cv1030 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner *pro se* Stanley Brown Jr., incarcerated at the Cuyahoga County, Ohio Jail brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. When this Petition was filed, he was awaiting trial for two counts of aggravated burglary in violation of R.C. 2911.12(A)(1) and aggravated theft in violation of R.C. 2913.02(A)(1). *State of Ohio v. Brown*, Case No. CR-10-535872. The Cuyahoga County Common Pleas Court Docket shows that on June 30, 2010, he was found guilty of all charges and sentenced to a term of imprisonment of four years on the aggravated burglary charges and six months for aggravated theft, all counts to run concurrently. His long narrative can be summarized as contending that he is innocent of the charges against him.

28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Hannah v. Conley,* 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994). The exhaustion issue must be raised by the district court when it clearly appears that habeas claims have not been presented to the state courts. 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require. *See Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir.1987) (courts are obligated to review the exhaustion issue *sua sponte*).

Petitioner's state criminal case was closed less than a month ago. His time for appeal to the State court has not expired. None of the exceptions to the exhaustion requirement apply. Accordingly, his Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed. *See* 28 U.S.C. § 2243. The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED**.

Dated: July 20, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**